Esvin **DIAZ–REYES,** Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 00–71227.

INS No. A72–088–378.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 14, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, KLEINFELD, and McKEOWN, Circuit Judges.

MEMORANDUM **

Esvin Diaz–Reyes, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge's denial of his application for asylum and withholding of deportation. Pursuant to the Illegal Immigra-

---

tion Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS,* 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We grant the petition for review.

We review the BIA's decision under the substantial evidence standard. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998). We will reverse the BIA's determination only if the evidence presented by the applicant would compel a reasonable factfinder to conclude that the requisite fear of persecution existed. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ We conclude that Diaz–Reyes's undisputed testimony compels the conclusion that he was persecuted by Guatemalan Army officials, at least in part on account of his political opinion. *See Borja v. INS,* 175 F.3d 732, 736–37 (9th Cir.1999) (en banc). Diaz–Reyes articulated his political opposition to joining the Guatemalan Army, and Diaz–Reyes was subsequently threatened and beaten by a Guatemalan Army official because of his opposition.

Diaz–Reyes was therefore entitled to the legal presumption that he has a well-founded fear of future persecution. *See id.* at 737. Because the INS failed to rebut this presumption, Diaz–Reyes is statutorily eligible for asylum. *See Vallecillo–Castillo v. INS,* 121 F.3d 1237, 1239–40 (9th Cir. 1996).

■ Diaz–Reyes is also entitled to a rebuttable presumption of entitlement to withholding of deportation because he has shown past persecution threatening his life or freedom. *See Surita v. INS,* 95 F.3d 814, 821 (9th Cir.1996). Because the INS

---

failed to show by a preponderance of the evidence that the conditions in Guatemala have changed to such an extent that it is no longer more likely than not that he would face persecution there, the INS failed to rebut this presumption. *See Duarte de Guinac v. INS*, 179 F.3d 1156, 1164 (9th Cir.1999). We therefore conclude that Diaz–Reyes's deportation must be withheld. *See id.*

PETITION FOR REVIEW GRANTED; REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.Civ.P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.